IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN THE MATTER OF THE EXTRADITION  §
                                  §   Misc. No.: B-96-559-M
          OF                      §
                                  §
MARTHA VIDALES VAZQUEZ            §

United States District Court
Southern District of Texas
FILED

JUL 12 1996

Michael N. Milby, Clerk

## COMPLAINT

TO:   THE HONORABLE JOHN WILLIAM BLACK, UNITED STATES MAGISTRATE JUDGE

I, John Grasty Crews II, being duly sworn, depose and state that I am an Assistant United States Attorney for the Southern District of Texas and act for an on behalf of the Government of Mexico pursuant to 31 UST §5059 (Extradition Treaty between Mexico and the United States) entered on May 4, 1978, (the Treaty) with respect to Martha Vidales Vazquez.

In accordance with Title 18, United States Code, Section 3184, I charge, on information and belief, as follows:

1.   **Foreign Charge(s).**   The fugitive is duly and legally charged with having committed, in the jurisdiction of the requesting state, the crime of murder in the state of San Luis Potosi in violation of Article 107 of the Penal Code of the state of San Luis Potosi.

Article 2, paragraph 1, appendix item 1 of the Extradition Treaty between the United States and Mexico provides that a charge for such offense shall serve as the basis for extradition.

2.   **Foreign Arrest Warrant.**   A warrant for the fugitives arrest was issued on June 23, 1992 by the Second Judge for Criminal Matters of San Luis Potosi.

3.   **Facts underlying foreign charge.**   According to an investigation by the authorities of the Requesting State reveals the following:

On or about April 27, 1991, Maria Vazquez heard her daughter, Martha Vidales Vazquez, cry for help at the "La Yerbabuena" Ranch. When Maria arrived at the location of

-Page 1 of 3-

her daughter she saw Juan Jose Marquez Estrada running away with a machete and her husband, Baldomera Vidales Espinoza, lying on the floor seriously injured from a sharp object. Baldomera indicated to his wife that Martha Vidales had caused those injuries, which later resulted in his death. This accusation was corroborated by witnesses who state that due to personal quarrels with her father, Martha Vidales intentionally killed her father with the help of Juan Jose Marquez Estrada, who she paid $200.

4. <u>Fugitives presence in the United States</u>: The fugitive, who is within the jurisdiction of the Court, maybe found in or about San Benito, Texas, and more specifically at the Hotel Stonewall Jackson, 220 East Stenger, San Benito, Texas, and her place of employment is at the Excessive Hair Styling, 240 South Travis Street, San Benito, Texas.

5. <u>Fugitive's description</u>: A female who height is 5 feet 2 inches tall with a robust build, with shoulder length dark brown hair of a wavy texture and brown eyes who complexion is brown with a double chin.

6. <u>Provisional Arrest Request</u>. Article 11 of the Treaty provides for provisional arrest of a fugitive pending receipt of the regular diplomatic request for extradition and accompanying documents. The government of the Requesting State has formally requested that the fugitive be provisionally arrested for extradition.

7. <u>Extradition request</u>. I am informed through the diplomatic channels (or by the Ministry of Justice or the Ministry of Foreign Affairs) that the Requesting State will make a regular diplomatic request for extradition of the fugitive in conformity with the Treaty and will present the completed papers upon which the demand for extradition is founded within sixty (60) days, as required by Article 11 of the Treaty.

8. <u>Risk of flight</u>. The likelihood of flight is substantial if the fugitive learns of the request prior to arrest.

Whereupon, your complainant requests:

a. that a warrant be issued pursuant to Title 18, United States Code, Section 3184, for the fugitive's arrest;

b. that the fugitive be brought before this Court and the evidence of criminality be heard;

c. that if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charge(s), the Court certify the same to the Secretary of State in

2

order that a warrant may be issued for the surrender of the fugitive to the appropriate authorities of the Requesting State according to the Treaty; and

    d. that this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United States under the Treaty, including the seizure of any items or materials in the fugitive's possession at the time of apprehension which are related to the crimes charged or which may be used as evidence, pursuant to Article 19 of the Treaty.

    DATED AT <u>Brownsville, Texas</u>, this <u>12th</u> day of <u>July, 1996</u>.

Respectfully submitted,

GAYNELLE GRIFFIN JONES
United States Attorney

by: John Grasty Crews II
Assistant United States Attorney

Sworn to before me this 12th day of July, 1996
AND A WARRANT SHALL ISSUE.

John William Black
United States Magistrate Judge

3