5

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D

JUL 1 5 1996

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN RE THE EXTRADITION OF | § | |
| MARTHA VIDALES VAZQUEZ | § | No. B-96-859-M |

## MEMORANDUM OF LAW IN OPPOSITION TO BAIL

### I.  INTRODUCTION

The Defendant, Martha Vidales Vazquez, was arrested on or about July 12, 1996, pursuant to a complaint and warrant of arrest issued by U.S. Magistrate Judge John W. Black, seeking her extradition to the United States of Mexico.  The Defendant is wanted by the Mexican authorities to stand trial on murder charges. A warrant for his arrest was issued on January 23, 1992 by the Second Judge of Criminal Matters of San Luis Potosi of Mexico, charging the Defendant with murder in violation of Article 107 of the Penal Code of the state of San Luis Potosi.

The Defendant's extradition is sought by Mexico pursuant to its extradition treaty with the United States, 31 U.S.T. 5059. Article 2, paragraph 1, appendix item 1 of the treaty provides for the extradition of persons accused of the crimes with which the Defendant is charged.

The Government of the United States, acting at the request (and as the agent) of the Mexican Government, urges that the defendant be held without bond pending a hearing on extraditability.

-Page 1 of 11-

## II.  APPLICABLE LAW

The federal statute that implements the United States' extradition treaties with other nations, Title 18 U.S.C. §§3184 et seq., does not provide for bail.  Because an international extradition is not a criminal case, the Bail Reform Act, Title 18 U.S.C. §§3141 et seq., does not apply and the criteria governing the allowance and the amount of bail in U.S. criminal cases, 18 U.S.C. § 3142 (g), are not applicable.  Kamrin v. United States, 725 F.2d 1225, 1227-1228 (9th Cir.), cert. denied, 469 U.S. 817 (1984).  The Bail Reform Act applies only to offenses against the United States that are triable in U.S. courts.  Requests for extradition involve offenses against the laws of foreign countries. Therefore, the Bail Reform Act is inapplicable.[1]  Given the absence of statutory law governing bail in international extradition proceedings, the issue must be determined based on federal case law.

A.    **The presumption against bail in an international extradition proceeding.**

The United States Supreme Court and the federal courts of appeals have long held that bail should not ordinarily be granted in international extradition proceedings, rather bail should be granted only under the most unusual circumstances.  Wright v.

---

[1]    The term "offense" for the purposes of Section 3141 is defined in 18 U.S.C. § 3156(a)(2) as "any criminal offense, other than an offense triable by court martial, military commission. provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress . . . ."

Henkel, 190 U.S. 40 (1903) (affirming detention without bail of a fugitive sought by Great Britain for defrauding a corporation of which he was a director).

Where a foreign government makes a proper request under a valid extradition treaty, the United States is obligated to deliver the person sought after he or she is apprehended.  As the Supreme Court explained in Wright:

> The demanding government, when it has done all that the treaty and the law require it to do, is entitled to the delivery of the accused on the issue of the proper warrant, and the other government is under obligation to make the surrender; an obligation which it might be impossible to fulfill if release on bail were permitted. The enforcement of the bond, if forfeited, would hardly meet the international demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment.

Id. at 62.

Indeed, there is a presumption that bail should not be granted in an extradition case.  Beaulieu v. Hartigan, 554 F.2d 1 (1st Cir. 1977) ("Unlike the situation for domestic crimes, there is no presumption favoring bail.  The reverse is rather the case."). The reasons for this presumption against bail in international extradition cases are compelling.  A person sought for an extraditable offense is already an international fugitive from justice whom it is reasonable to expect will flee if alerted to the charges.  Moreover, the fact that he faces an international extradition to a foreign state for a serious charge where his fate is uncertain is itself a strong incentive to flee.

In addition to its legal obligation, the United States has a compelling self-interest to fulfill its duties under extradition

treaties.  It is important that the United States be regarded in the international community as a country that honors its agreements in order to be in a position to demand that other nations will meet their reciprocal obligations to the United States.

> B.    Federal Courts Allow Bail in Extradition Matters
>       Only When "Special Circumstances" Are Shown.

In order to avoid the potential harshness of an absolute prohibition on bail, but also to allow our government to meet its treaty obligations, the federal courts, relying on Judge Learned Hand's language in Wright v. Henkel, have held that bail may be granted in pending extradition proceedings only in "special circumstances."  See In re Mitchell, 171 F. 289, 290 (S.D.N.Y. 1909) (authority to grant bail in extradition proceedings "should be exercised only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory"); United States ex rel. McNamara v. Henkel, 46 F.2d 84 (S.D.N.Y. 1912) ("[A]dmission to bail and extradition should be in practice an unusual and extraordinary thing"); In re Klein, 46 F.2d 85 (S.D.N.Y. 1930) (noting the "grave risk of frustrating the efforts of the executive branch of the [G]overnment to fulfill treaty obligations").  See also Salerno v. United States, 878 F.2d 317 (9th Cir. 1989) (applying "special circumstances" test); Matter of Russell, 805 F.2d 1215, 1216-1217 (5th Cir. 1986) ("Being a tolerable bail risk is not in and of itself a 'special circumstance.'"); Kamrin v. United States, 725 F.2d 1227, 1228 (9th Cir. 1984) (same); United States v. Leitner, 784 F.2d 159

4

(2nd Cir. 1986) per curiam;  Hu Yau-Leung v. Soscia, 649 F.2d 914
(2d Cir.), cert. denied, 454 U.S. 971 (1981);  United States v.
Williams, 611 F.2d 914 (1st Cir. 1979);  United States v. Hill, 765
F.Supp. 381 (E.D. Mich. 1991) (absence of flight risk, involvement
in civil litigation, and claim of constitutional and procedural
defenses to raise at extradition hearing did not warrant departure
from presumption against bail).

The types of special circumstances justifying a departure from
the norm of detention in extradition proceedings have not been
clearly delineated by the courts.   However, the courts have
determined that certain circumstances are not "special" and do not
justify the release of respondents in extradition proceedings.  For
example, the discomfort of sitting in jail or a defendant's
"arguable acceptability as a tolerable bail risk . . . are not
special circumstances."   Williams, 611 F.2d at 915.   See also
United States v. Leitner, 784 F.2d 159 (2nd Cir. 1986) per curiam;
In re Klein, 46 F. 2d 85 (S.D.N.Y. 1930).   The need to consult
with one's attorney concerning pending civil litigation or the
extradition proceeding itself also is not considered a special
circumstance sufficient to justify bond.   Russell, 805 F.2d at
1217.   Financial and emotional hardships are present in every
extradition case, so they do not constitute special circumstances
either.   Id.   Similarly, neither advanced age nor infirmity
necessarily constitutes special circumstances.   Matter of
Extradition of Artukovic, 628 F. Supp. 1370, 1374-1375 (C.D. Cal.
1986), stay denied, Artukovic v. Rison, 784 F.2d 1354 (9th Cir.

5

1986).

Most notably, the fact that a prospective extraditee does not appear to be a flight risk does not constitute a "special circumstance" justifying release.   Thus, the Second Circuit affirmed the district court's reversal of the grant of bail in a case where the magistrate judge had ordered release based on a finding that the respondent did not pose a risk of flight. United States v. Leitner, 784 F.2d at 160.   Leitner involved the extradition of a United Sates citizen who had been arrested in Israel and charged with acts of violence against Arabs in 1983 and 1984.   He was freed on bail in Israel after agreeing to cooperate with the Israeli government.   After receiving death threats, Leitner fled to his home in the United States and lived openly under his own name for a year and a half.  He attended law school, drove a taxi under his own name, and visited his parents regularly. The magistrate judge found that Leitner did not pose a flight risk and granted him bail.  The district court reversed.  The court of appeals, citing Wright and Mitchell, affirmed the district court, finding that no special circumstances existed to justify the fugitive's release.

More recently, the Ninth Circuit reversed the granting of bail where the lower court's decision was premised solely on the absence of flight risk and the need to consult counsel and witnesses in a complex extradition case.  In the Matter of Extradition of Smyth, 976 F.2d 1535 (9th Cir. 1992).  See also United States v. Tang Yee-Chun, 657 F. Supp. 1270, 1271-1272 (S.D.N.Y. 1987).

Special circumstances warranting release on bail have been found in some cases. For example, in <u>Mitchell</u>, <u>supra</u>, Judge Learned Hand allowed release on bond so that the respondent could attend a civil trial upon which his entire fortune depended and which was set to begin the day after the bond hearing. However, Judge Hand also ordered that the fugitive be returned to custody at the conclusion of the civil trial. 171 F. at 290. It should also be noted that other cases have held that involvement in civil proceedings does not constitute a special circumstance justifying release. <u>See</u> <u>Koskotas v. Roche</u>, 931 F.2d 169, 175 (1st Cir. 1991); <u>United States v. Hills</u>, 765 F. Supp. 381 (E.D. Mich. 1991).

In <u>Hu Yau-Leung v. Socia</u>, 649 F.2d 914 (2nd Cir.), <u>cert</u>. <u>denied</u>, 454 U.S. 971 (1981), the court held that there existed special circumstances justifying release where the person sought was 16 years old and there was no available facility suitable for his detention. In that case, the court ordered that the respondent remain at home with his parents.

In <u>United States v. Taitz</u>, 130 F.R.D. 442 (S.D. Cal. 1990), the court allowed bail where the respondent established that he posed no risk of flight and also demonstrated a number of other factors which constituted "special circumstances." [2]

---

[2]    The court found that "special circumstances" were present only after the respondent demonstrated all of the following: (1) a substantial issue as to whether the crime he was alleged to have committed was extraditable under the treaty, and whether the South African government had misled the U.S, regarding the nature of the crime by labeling it "fraud" when it was really tax evasion; (2) unusual delay in the proceedings given the need for the court to make probable cause determinations concerning 434 separate counts in the South African complaint; (3) he had suffered from health

Recently, <u>In the Matter of the Extradition of Kamel Nacif-Borge</u>, 829 F.Supp. 1210, 1221 (D. Nev. 1993) applied the special circumstances test but found that availability of bail for the substantive offense in the requesting country constitutes a special circumstance. In that case, the respondent had been charged in Mexico with tax fraud or tax evasion in the amount of approximately $15 million. The court ordered the prospective extraditee's release on bond of $12,453,744.00.[3]

The court in <u>Nacif-Borge</u> noted that "[t]he primary concern in an international extradition matter is to deliver the extraditee to the requesting nation" and that the statute governing international extradition proceedings, Title 18 U.S.C. § 3184, contains no provisions for bail. The court also accepted the fact that bail is granted rarely in extradition cases, and only in the presence of "special circumstances."

The court, relying on <u>In re Gannon</u>, 27 F.2d 362 (E.D. Pa. 1928), decided that because bail would have been available to Nacif on the underlying offense in Mexico, a "special circumstance" existed. However, the court also stated that bail would only be granted if there was no risk of flight and no danger to the

---

difficulties while incarcerated in the form of allergic reactions to the food served and laundry soap used in prison; (4) he was unable to carry out the rituals of his religion while incarcerated; and (5) he would have been permitted bail had he been in South Africa facing extradition to the United States. 130 F.R.D. at 445-447.

[3]  The <u>Nacif-Borge</u> court arrived at this amount by interpreting a Mexican law that would allow a defendant release on bail if he posted security in the amount of eighty per cent of the alleged tax debt, or 12,453,744.00.

8

community.    They found neither and granted bail.

More recently, however, In the Matter of the Extradition of Rouvier, 839 F.Supp. 537, 540-1 (N.D. Ill. 1993), the analysis of the Nacif-Borge court and its reliance on Gannon was rejected.  The court in Rouvier reasoned that under the Nacif-Borge and Gannon rule most extraditees would be entitled to bail in direct contradiction of the decisions of the Supreme Court and federal appellate courts which conclude that bail is the exception rather than the rule.   The court also found that the Nacif-Borge and Gannon analysis would lead to the unacceptable result that courts would be forced to review foreign laws to determine whether bail is appropriate for a given defendant in a given country for a given offense.

C.    The Defendant Cannot Demonstrate
       "Special Circumstances."

The Defendant may state that her case presents "special circumstances," qualifying her for bail.   However, the arguments set forth by the Defendant do not constitute "special circumstances" under the standard established by the Supreme Court in Wright v. Henkel, 190 U.S. 40 (1903).    In essence, the Defendant's arguments would be an attempt to convince this Court that he is a good bail risk.  The Defendant's position, however, is legally insufficient under U.S. case law to justify granting bail in an international extradition proceeding.  Indeed, the Defendant has previously shown herself to be highly adept at moving and securing a livelihood; hence it would be reasonable to assume that

she could easily accomplish flight from this country to yet another.

Finally, while forfeiture of bail in domestic criminal cases is designed to compensate, at least in part, the court that is seeking the accused's presence for trial, forfeiture of bail in an international extradition case caused by the failure of an extraditee to appear for a hearing would leave the demanding country, Mexico, with neither remedy nor compensation.

In sum, the Defendant can not demonstrate that "special circumstances" exist which would justify bond in her case. Further, allowance of bail in any amount would not guarantee her presence in court. Finally, The Defendant's release on bail would have negative implications for American foreign policy in cases where the United States seeks extradition of fugitives from Mexico. Thus, the any motion for bail should be denied.

## III. CONCLUSION

WHEREFORE, the Government respectfully requests that the respondent be denied bail.

Respectfully submitted,

GAYNELLE, GRIFFIN JONES
UNITED STATES ATTORNEY

By: _____
John Grasty Crews II
Assistant United States Attorney

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to the defendant at her initial appearance on July 15, 1996.

John Grasty Crews II
ASSISTANT U.S. ATTORNEY