9602752.1/JGC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
SEP 25 1996 (4:20 pm)
Michael N. Milby, Clerk

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| v. | § | MISC NUMBER: B-96-16 (B-96-859M) |
| MARTHA VIDALES VAZQUEZ | § | |

## FIRST SUPPLEMENTAL BRIEF IN SUPPORT OF EXTRADITION

Comes now the United States and files this First Supplemental Brief in Support of Extradition. The United States would show the Court as follows:

-1-

On or about July 17, 1996 Deputy United States Marshal (DUSM) Mary Bottomly had occasion to arrest the accused person pursuant to a warrant issued by United States Magistrate Judge John Black. On or about July 15, 1996 DUSM Bottomly had occasion to prepare a report regarding the details of that arrest.

In her report DUSM Bottomly reports that she (DUSM Bottomly) advised the accused person that she (DUSM Bottomly) had a warrant for her (the accused person's) arrest. The accused person asked why? DUSM Bottomly advised the accused person that she (the accused person) was being charged with murder in Mexico. The accused person then said "But why me, but why me? It's because they are envious of me. I have a twin sister".

Even though DUSM Bottomly was under no legal obligation to advise the arrested person of her "Miranda" privileges she did so.

After being mirandized the accused person indicated that she had been in the United States since 1989. After the warrant was explained to the accused person by DUSM Bottomly the accused person said that her family was very envious of her because she had left Mexico and tried to improve herself. The accused person said she couldn't understand why her family would try to do this to her.

DUSM Bottomly again advised the accused person of her Miranda privileges even though said privileges in fact do not apply.

The accused person went on to state that Juan Jose Marquez Estrada was her sister's husband. Moreover, the accused person indicated that *the last time she had been in Mexico was in 1989.* (emphasis supplied). Please see a copy of DUSM Bottomly's report attached hereto as Appendix "A".

-2-

At the September 25, 1996 extradition hearing counsel for the accused person made much of what he described as inconsistencies between various reports given by relatives of the accused person. Counsel for the accused person indicated that he gave the most credence to the statements of the accused person's mother which were given on April 28, 1991; the day after the homicide. Please refer to Tab "4" of the documents submitted by the United Mexican States in support of extradition.

It is beyond dispute that the victims wife, and mother of the accused person, said the accused person was the last person seen

with the deceased before his injuries. Yet the accused person says that she wasn't in Mexico at the time.

If the Court denies the extradition request it will be finding credible the unsubstantiated word of the accused person and rejecting **all** of the documents submitted by Mexico. The accused person was the last person seen with the deceased before his injuries. The accused person said the deceased had "fallen down". The accused person then left the area.

The guilt or innocence of the accused person is not before this Court. The Court must decide if there exits probable cause to extradite the accused person, and probable cause alone. The Court is to make that determination solely from the evidence before it. The accused person submitted **no** evidence. In fact the accused person denies even being present in the country at the time of the murder.

In significant contradistinction the United States has presented the Court with significant documentary evidence with which to find probable cause, as detailed in the Brief in Support of Extradition filed on September 25, 1996.

The fugitive should be extradited.

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

John Grasty Crews II
Assistant United States Attorney
P.O. Box 1671
Brownsville, TX  78522-1671
210 548 2554

United States Department of Justice
United States Marshals Service

---

### REPORT OF INVESTIGATION

Page 1 of 2

| 1. CASE OF<br>USA<br>vs<br>VIDALES-VASQUEZ, MARTHA | 2. CASE TYPE: | 3. CONDUCTED BY:<br>MARY BOTTOMLY<br>DISTRICT: S/TX<br>BROWNSVILLE<br>DATE: 07/12/96 |
|---|---|---|
| | 4. CASE NUMBER:<br>B-96-859-M | |

5. OTHER PERSONNEL:
DUSMS JOE MENDOZA AND EDDIE GARCIA

6. REPORT OF:
[ ] GENERAL INVESTIGATION            [ ] LEAD REQUEST
[ ] LEAD REPLY                       [ ] INTERVIEW
[ ] UPDATE FILE                      [X] ARREST
[ ] PROSECUTION REPORT               [ ] OTHER _____
[ ] ELECTRONIC SURVEILLANCE (SPECIFY)

Received complaint warrant on the above mentioned on todays date. Dusms Mendoza, Garcia and I proceeded to the fugitives place of business, the Excessive Hair Styling at 240 South Travis in San Benito, Tx. I went in to ascertain that the fugitive was indeed working that day. Ms Vidales was there. She was cutting a gentlemen's hair. To confirm that that was indeed her, I told her that someone recommended that Ms Vidales could give me a perm, and asked if she was in. She told me that was her. I told her that I was going to tell my husband who was waiting outside that I was going to get my hair worked on. I stepped outside and told my backup that she was there and that she was cutting someone's hair. No one else was there. The three of us went inside the hairdress shop. I identified ourselves and advised her that we had an arrest warrant for her. She seemed a bit confused and asked "but why" in spanish. I told her the warrant charged her with the murder of her father in Mexico. She became a bit hysterical and blurted in spanish " but why me? but why me? It's because they are envious of me. I have a twin sister. We took the subject into custody. We informed her of the charge and mirandized her.

She first stated that she had been in the U.S. since 1989. I explained what the warrant said and in tears she said that her

---

| 7. SIGNATURE<br>*Mary Bottomly*<br>9. APPROVED<br>*Robert Cervantes*<br>SDUSM | 8. DATE PREPARED<br>07/15/96<br>10. DATE APPROVED<br>7-15-96 | 11. DISTRIBUTION<br>__ DISTRICT<br>X HEADQUARTERS<br>__ OTHER |

Appendix A
pg 1 of 2

United States Department of Justice
United States Marshals Service

# REPORT OF INVESTIGATION

Page 2 of 2

| 1. CASE OF<br>U.S.<br>vs<br>VIDALES-VASQUEZ,<br>MARTHA | 2. CASE TYPE:                           | 3. CONDUCTED BY:<br>MARY BOTTOMLY<br>DISTRICT: S/TX<br>BROWNSVILLE<br>DATE: 07/12/96 |
|---|---|---|
| | 4. CASE NUMBER:<br>B-96-859 | |

5. OTHER PERSONNEL:

6. REPORT OF:
   [ ] GENERAL INVESTIGATION      [ ] LEAD REQUEST
   [ ] LEAD REPLY                 [ ] INTERVIEW
   [ ] UPDATE FILE                [X] ARREST
   [ ] PROSECUTION REPORT         [ ] OTHER _____
   [ ] ELECTRONIC SURVEILLANCE (SPECIFY) _____

family was very envious of her because she had left Mexico and tried to improve herself. She said she couldn't understand why her family would do this to her. I again reminded her of the Miranda warning. She also stated that she had a twin sister. I asked her who Juan Jose Marquez Estrada was? She said that was her sisters husband. She stated that the last time she had been in Mexico was in 1989. She also stated that she had been living in the U.S. for about 13 or 14 years.

We arrived at the Cameron County Jail in Brownsville and committed her. I advised her that we would pick her up Monday for court.

CASE CLOSED.

| 7. SIGNATURE<br>*[signed] Mary Bottomly*<br>9. APPROVED<br>*[signed]* | 8. DATE PREPARED<br>07/15/96<br>10. DATE APPROVED<br>7-15-96 | 11. DISTRIBUTION<br>__ DISTRICT<br>X HEADQUARTERS<br>__ OTHER |
|---|---|---|

*Appendix "A"*
*pg 2 of 2*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 1996 a true and correct copy of the foregoing First Supplemental Brief in Support of Extradition with Appendix was mailed, postage paid, to Mr. Felix Recio, Assistant Federal Public Defender at Post Office Box 2163 on the 25th day of September, 1996.

*[signature]*
John Grasty Crews II
Assistant United States Attorney

4