IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION OF | * | |
| | * | Misc. No. B-96-016 |
| MARTHA VIDALES VASQUEZ | * | |

United States District Court
Southern District of Texas
FILED

FEB 11 1997

Michael N. Milby
Clerk of Court

## RESPONSE IN OPPOSITION TO THE DEFENDANT'S

## MOTION TO STAY EXTRADITION

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully submits this opposition to the extraditee's motion for a stay of her extradition to Mexico.

I.   **COURSE OF PROCEEDINGS**

Martha Vidales Vasquez (hereinafter "extraditee") was provisionally arrested at the request of the United States of Mexico in July, 1996. Pursuant to the Convention on Extradition between the United States of America and the United States of Mexico, Mexican authorities presented a formal request for the appellant's extradition in a timely manner. The extraditee's

1

extradition is sought by Mexico for prosecution for the offense of murder.

On September 17, 1996, U.S. Magistrate Judge Fidencio G. Garza had a hearing in this matter. On January 24, 1997 Judge Garza issued an order finding the defendant extraditable to Mexico. On February 3, 1997 the extraditee filed a Motion to Stay Extradition.

II. **THE MOTION FOR A STAY PENDING APPEAL SHOULD BE DENIED**

A defendant seeking a stay of extradition pending appeal must satisfy a stringent two-part test. Artukovic v. Rison, 784 F.2d 1354 (9th Cir. 1986). First, he must demonstrate a probability[1] of success on the merits, including the presence of "serious legal questions" in his appeal. Second, the party must also show that the balance of three remaining factors weighs heavily in favor of granting a stay. Those factors include irreparable injury if the stay is not granted; no substantial harm to other parties if the stay is granted; and a showing that granting the stay would serve the public interest. Ruiz v Estelle, 650 F.2d 555, 565 (5th Cir. 1981). See also Demjanjuk v. Meese, 784 F.2d 1114, 1117 - 18 (D.C. Cir. 1986) (applying similar test in denying stay of extradition). This heavy burden is compounded by the limited scope of review in a habeas corpus proceeding challenging an extradition order. As the Supreme

---

[1] Or at least a "substantial possibility" of success. United States v. Gelb, 826 F.2d 1175, 1177 (2nd Cir. 1987).

2

Court explained in <u>Fernandez v. Phillips</u>, 268 U.S. 311, 312 (1925):

> That writ as has been said very often cannot take the place of a writ of error. It is not a means for rehearing what the magistrate has already decided. The alleged fugitive from justice has already had his hearing and habeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offence charged is within the treaty, and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable grounds to believe the accused guilty.

<u>See also</u> <u>Zanazanian v. United States</u>, 729 F.2d 624, 626 (9th Cir. 1984); <u>Artukovic v. Rison</u>, 784 F.2d 1354, 1356 (9th Cir. 1986) (denying stay of extradition for failure to show a serious legal question on which the fugitive would likely prevail on appeal); <u>Garcia-Guillern v. United States</u>, 450 F.2d 1189, 1191 (5th Cir.), <u>cert</u>. <u>denied</u> 405 U.S. 989 (1972). In this case, the appellant fails to meet his substantial burdens.

Even assuming that the issues raised by the appellant are within the purview of courts reviewing extradition proceedings on collateral attack, the appellant has shown no likelihood of prevailing on appeal.

Although the denial of a stay will effectively deprive the defendant of an appeal, since she may be removed from the country before the appeal is perfected, any hardship is mitigated by the fact that she will receive a full and fair trial upon his return to Mexico <u>See</u> <u>Artukovic v. Rison</u>, 784 F.2d at 1356.

Conversely, the length of the extradition proceedings in this case has imposed hardships on Mexico. The extraditee's

3

mother is of advanced years. Although the Mexican government is confident of its ability to prosecute the case, there is always an inherent detrimental effect on a prosecution as time passes. Any further appeal or delay will only serve to cause further hardships to Mexican prosecutors handling the case.

Finally, the public's interest is best served by the appellant's speedy extradition to Mexico. International extradition is different from other civil and criminal proceedings because it involves the relations between countries. Proper compliance with the United States' treaty obligations "promotes relations between the two countries, and enhances efforts to establish an international rule of law and order." Artukovic v. Rison, 784 F.2d at 1356. Any further delay in the extradition jeopardizes our relations with Sweden as well as our mutual dependency in the area of extradition and legal assistance.

In sum, the balance of competing factors and interests does not warrant a stay of the extradition pending appeal. The appellant has failed to establish the propriety or his entitlement to a stay, and has provided no valid basis to further delay the operation of a treaty between the United States of America and the United States of Mexico.

## III. CONCLUSION

For all the foregoing reasons, the request for a stay should be denied.

Respectfully submitted,

GAYNELLE GRIFFIN JONES
UNITED STATES ATTORNEY

By: *[signature]*
John Grasty Crews II
ASSISTANT U.S. ATTORNEY

Of Counsel:
Kevin R. Smith
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of February, 1997, to: Felix Recio, Assistant Federal Public Defender, P.O. Box 2163, Brownsville, TX 78522-2163.

*[signature]*
John Grasty Crews II
ASSISTANT U.S. ATTORNEY

5