IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 11 1997

Michael N. Milby
Clerk of Court

IN THE MATTER OF THE         *
EXTRADITION OF
                             *   Misc. No. B-96-016

MARTHA VIDALES VASQUEZ       *

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO THE DEFENDANT'S NOTICE OF APPEAL AND MOTION TO SET ASIDE MAGISTRATE'S ORDER OF EXTRADITION FOR LACK OF JURISDICTION AND MOTION FOR RECONSIDERATION OF EXTRADITION ORDER IN LIGHT OF NEWLY DISCOVERED EVIDENCE NEGATING PROBABLE CAUSE

I)   **INTRODUCTION**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully responds to the defendant's Notice of Appeal and Motion to Set Aside Magistrate's Order of Extradition for Lack of Jurisdiction And Motion for Reconsideration of Extradition Order in Light of Newly Discovered Evidence Negating Probable Cause. The United States would show the Court as follows:

Martha Vidales Vasquez, (hereinafter "defendant") was provisionally arrested at the request of the United States of Mexico on or about July 14, 1996. Pursuant to the Convention on

Extradition between the United States of America and the United States of Mexico, Mexican authorities presented a formal request for the defendant's extradition in a timely manner supported by appropriate documentation. The defendant's extradition is sought by Mexico for prosecution for the offense of murder.

On September 17, 1996, U.S. Magistrate Judge Fidencio G. Garza held a hearing regarding the request for extradition. On January 24, 1997 Judge Garza issued an order finding the defendant extraditable to Mexico. On February 3, 1997, the Defendant filed a Petition for a Writ of Habeas Corpus with this Court contesting Magistrate Judge Garza's extradition order. On or about February 7, 1997 the defendant also filed a request for a new hearing based on newly discovered evidence.

II) **SCOPE OF REVIEW**

Essentially the defendant is seeking to style what is really habeas relief as a an appeal. The magistrate's order is not a final order with the meaning of normal review. That is why no jeopardy applies but also why the United States can't appeal adverse rulings by the courts.

Generally speaking extradition review pursuant to 28 U.S.C. § 2241 is limited to three specific inquiries. The reviewing court must ask: (1) whether the magistrate had jurisdiction to hear the extradition complaint, (2) whether the offense for which the defendant is charged falls within the applicable extradition treaty, and (3) whether there was <u>any evidence</u> warranting the finding that there was reasonable ground to believe the accused

guilty. <u>Fernandez v. Phillips</u>, 268 U.S. 311, 312 (1925); <u>Quinn v. Robertson</u>, 783 F.2d 776, 790 (9th Cir. 1986), <u>United States v. Wiebe</u>, 733 F.2d 549, 552 (8th Cir. 1984).

In this respect, the scope of review of an extradition order is narrower than that usually employed by an appellate court, 733 F.2d at 552, and narrower even than the habeas review traditionally provided for American convictions. <u>Spatola v. United States</u>, 741 F. Supp. 362, 369 (E.D.N.Y. 1990), <u>aff'd</u>, 925 F.2d 615 (2nd Cir. 1991). In fact, federal appellate courts have consistently warned district courts that they are to limit themselves to these three issues, and not retry the magistrate's case. <u>Eain v. Wilkes</u>, 641 F.2d 504 (7th Cir.); <u>cert. denied</u>, 454 U.S. 894 (1981); <u>Escobedo v. United States</u>, 623 F.2d 1098, 1101 (9th Cir. 1980). Questions regarding the weight and sufficiency of the evidence presented at the extradition hearing are not reviewable in habeas corpus proceedings. <u>United States v. Wiebe</u>, 733 F.2d 549, 553 (8th Cir 1984); <u>Garcia-Guillern v. United States</u>, 450 F.2d 1189, 1192 (5th Cir. 1971), <u>cert. denied</u>, 405 U.S. 989 (1972).

III) **DISCUSSION**

This discussion will focus on the following issues raised by the defendant: (A) Whether there are criminal charges pending against the defendant in Mexico; (B) Whether the crimes charged are extraditable offenses within the terms of the extradition treaty; and (C) Whether the evidence submitted is sufficient to establish probable cause.

4

### A. The Existence of Criminal Charges in Mexico

#### 1. A Decision of Arrest Has Been Issued in Mexico

The material filed by the United States with the Court has demonstrated that there now exists and did at the time of the provisional arrest of the defendant a valid warrant for the arrest of the defendant charging her with murder.

Moreover, a defendant in an extradition case is not entitled to introduce evidence which conflicts with the evidence submitted by the requesting state, establishes an alibi or presents a defense. Hooker v. Klein, 573 F.2d 1360, 1368-1369 (9th Cir.), cert. denied 439 U.S. 932 (1978). See also, Collins v. Loisel, supra at 259 U.S. 316 (permitting the introduction of defense evidence "would be in plain contravention of the intent and meaning of the extradition treaties"); Hu Yau-Leung v. Soscia, 649 F.2d 914, 917 (2d. Cir.), cert. denied 454 U.S. 971 (1981); Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir.), cert. dismissed, 414 U.S. 884 (1973); Eain v. Wilkes, 641 F.2d 504, 511 (7th Cir.), cert. denied, 454 U.S. 894 (1981) (attempt to impeach credibility of requesting country's witnesses not permitted); In re Locatelli, 468 F. Supp 568 (S.D.N.Y. 1979) (same). The defendant's assertions regarding her alibi (that she wasn't in Mexico at the time of the offense) should be asserted at a trial on the merits in Mexico and is inappropriate for consideration in an extradition proceeding.

B.  **Extraditability of Crimes Charged**

When interpreting the extradition treaty, the court must construe its provisions liberally, in a manner favoring extradition. Factor v. Laubenheimer, 290 U.S. 276, 283, 293-294 (1933); United States v. Wiebe, 733 F.2d 549, 554 (8th Cir. 1984). More specifically, since there is an overriding interest in carrying out the United States's treaty obligation to surrender the fugitive to be tried for his alleged offenses, the treaty "should be construed more liberally than a criminal statute or the technical requirements of criminal procedure." Factor v. Laubenheimer, supra, at 290 U.S. 298; United States v. Wiebe, supra; McElvy v. Civiletti, 523 F. Supp. 42, 47-49 (S.D.Fla. 1981). Accordingly, "[f]orm is not to be insisted upon beyond the requirements of safety and justice." Fernandez v. Phillips, 268 U.S. 311, 312 (1925); United States ex rel Rauch v. Stockinger, supra, at 269 F.2d 687.[1] The defendant is extraditable for the offense of murder.

C.  **Sufficiency of the Evidence**

1.  Standard of Proof

An extradition hearing is not intended to determine whether the evidence is sufficient to justify conviction [Collins v. Loisel, supra at 259 U.S. 316], for that determination will be made by the foreign court which ultimately tries the defendant.

---

[1] This liberal construction is based in part upon the recognition that foreign governments should not be expected to be versed in our criminal laws and procedures. Grin v. Shine, 187 U.S. 181, 184-185 (1902).

Jhirad v. Ferrandina, 536 F.2d 478, 484-485 (2d Cir.) cert. denied 429 U.S. 833 (1976). Rather, the federal probable cause standard is utilized. Fernandez v. Phillips, 268 U.S. 311, 312 (1925); Glucksman v. Henkel, 221 U.S. 508, 511 (1910); Marchandi v. United States, 836 F.2d 1223, 1226 (9th Cir. 1988); Sindona v. Grant, 619 F.2d 167, 175 (2d. Cir. 1980); Peroff v. Hylton, 542 F.2d 1247, 1249 (4th Cir. 1976); Merino v. United States Marshal, 326 F.2d 5, 11 (9th Cir. 1963), cert. denied 397 U.S. 872 (1964); Jiminez v. Aristeguieta, 311 F.2d 547, 562 (5th Cir. 1962); In re Ryan, 360 F. Supp. 270, 273 (E.D.N.Y.), aff'd 478 F.2d 1397 (2d Cir. 1973). According to this standard: "Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." United States v. Barr, 619 F.Supp. 1068, 1071 (E.D. Pa. 1985); Sindona v. Grant, supra. That determination must be made essentially in an ex parte manner as the defendant is not permitted to introduce evidence.

In determining whether sufficient factual allegations have been made to justify extradition, the court must engage in a liberal reading of the supporting documents, in a manner favoring extradition. United States v. Manzi, 888 F.2d 204 (1st Cir. 1989); Brauch v. Raiche, supra, at 628 F.2d 847. Furthermore, when reviewing an extradition finding pursuant to a habeas corpus petition a court must only determine whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty. Fernandez v. Phillips, 268 U.S.

311, 312 (1925); <u>Quinn v. Robertson</u>, 783 F.2d 776, 790 (9th Cir. 1986), <u>United States v. Wiebe</u>, 733 F.2d 549, 552 (8th Cir. 1984).

    2.  <u>Defense Evidence</u>

The fugitive's grounds for opposing an extradition request are severely limited. She is not entitled to introduce evidence which conflicts with the evidence submitted by the requesting state, establishes an alibi or presents a defense such as insanity. <u>Hooker v. Klein</u>, <u>supra</u> at 573 F.2d 1368-1369. <u>See also</u>, <u>Collins v. Loisel</u>, <u>supra</u> at 259 U.S. 316 (permitting the introduction of defense evidence "would be in plain contravention of the intent and meaning of the extradition treaties"); <u>Hu Yau-Leung v. Soscia</u>, <u>supra</u>, at 649 F.2d 917 (alibi); <u>Shapiro v. Ferrandina</u>, 478 F.2d 894, 901 (2d Cir.), <u>cert. denied</u>, 414 U.S. 884 (1973); <u>Eain v. Wilkes</u>, 641 F.2d 504, 511 (7th Cir.), <u>cert. denied</u>, 454 U.S. 894 (1981) (attempt to impeach credibility of requesting country's witnesses not permitted); <u>In re Locatelli</u>, 468 F. Supp 568 (S.D.N.Y. 1979) (same). Moreover, procedural defenses are not permitted. <u>Bingham v. Bradley</u>, <u>supra</u> at 241 U.S. 517; <u>Glucksman v. Henkel</u>, <u>supra</u> at 221 U.S. 513-514 (variance between charges pending in the foreign country and the complaint filed in federal court not a valid defense to surrender); <u>In re Edmondson</u>, 352 F. Supp. 22, 24-26 (D. Minn. 1972) (minor variance between pleadings and proof no bar to extradition). Instead, a fugitive's right to controvert the evidence introduced against him is "limited to testimony which explains rather than contradicts the demanding country's proof

8

. . ." Collins v. Loisel, supra, at 259 U.S. 315-317; United States ex rel. Petrushansky v. Marasco, 325 F.2d 562, 567 (2d Cir.), cert. denied, 376 U.S. 952 (1963); accord, Hooker v. Klein, supra; Matter of Sindona, 450 F. Supp. 672, 685 (S.D.N.Y. 1978), aff'd sub nom Sindonna v. Grant, 619 F.2d 167 (2d Cir. 1980); Cheng Na-Yuet v. Hueston, 734 F.Supp. 988 (S.D. Fla. 1990).

The defendant has submitted a what she contends is alibi evidence demonstrating she wasn't in Mexico at the time of the offense. This evidence directly conflicts with and contradicts evidence presented by Mexico. The defendant's evidence on residence should therefore be disregarded[2]. "The decisions are emphatic that the extraditee cannot be allowed to turn the extradition hearing into a full trial on the merits". Matter of Sindona, 450 F.Supp. 672, 685 (1978). It should also be noted that Mexican authorities the same evidence presented to this Court and concluded that the defendant is prosecutable for the offense charged.

---

[2]   It is important to note that this "newly discovered evidence" should be disregarded. The Federal Public Defender's Service (FPDS) in the Brownsville Division has been appointed to represent the defendant since she was arrested in July, 1996. The FPDS has three staff attorney's in Brownsville, several support personnel and an investigator who was a police officer for the City of Brownsville, Texas for a number of years. The FPDS has the same subpoena power as the United States, see Rule 17 Federal Rules of Criminal Procedure. The defendant choose not to present any evidence at the September 17, 1997 hearing. For more than four (04) months after the hearing the defendant remained in custody and the FPDS filed no documents. Approximately ten (10) days after Magistrate Garza filed his order granting extradition the FPDS then finds the proffered "new evidence" without any affidavits or other evidence showing why it had not previously tendered this evidence.

Even when considered these statements do not establish that there is no "credible evidence of probable cause to support the notion that she caused the death of her father" but only seeks to challenge individual points of the government case. In other words, the proffered exculpatory alibi evidence is irrelevant to the present case.

2. *The Government's Proof*

"Unique rules of wide latitude govern reception of evidence in Section 3184 hearings." Sayne v. Shipley, 418 F.2d 679, 685, cert. denied, 398 U.S. 903 (1970); accord O'Brien v. Rozman, 554 F.2d 780, 783 (6th Cir. 1977). For example, extradition treaties do not contemplate the introduction of testimony of live witnesses, for to do so "would defeat the whole object of the treaty." Bingham v. Bradley, supra at 241 U.S. 517. Accordingly, a finding of extraditability may be based entirely on documentary evidence. See, Shapiro v. Ferrandina, 478 F.2d 894, 902-903 (2d Cir. 1973); O'Brien v. Rozman, supra.

Hearsay is permitted. Collins v. Loisel, supra at 259 U.S. 317; O'Brien v. Rozman, supra; Sayne v. Shipley, supra. Indeed "a determination of probable cause in an extradition proceeding may rest entirely upon hearsay." In re Ryan, 360 F. Supp. 270, 273 (E.D.N.Y.), aff'd 478 F.2d 1397 (2d Cir. 1973); see, also, United States v. Zanazanian, 729 F.2d 624, 626-627 (9th Cir.

1980) (unsworn written statements may properly form the basis for extradition); Simmons v. Braun, supra, at 627 F.2d 636 (same).³

An extradition hearing is not a criminal proceeding. Neely v. Henkel, 180 U.S. 109, 122 (1901); Sabatier v. Dabrowski, 586 F.2d 866, 869 (1st Cir. 1978); United States ex rel. Oppenheim v. Hecht, 16 F.2d 955 (2d Cir. 1927); United States v. Galanis, supra, at 429 F. Supp. 1224. Thus the Federal Rules of Criminal Procedure are not applicable. See, F.R.Crim.P. 54(b)(5). The Federal Rules of Evidence are also inapplicable. See, F.R.E. 1101(d)(3); Melia v. United States, 667 F.2d 300, 302 (2d Cir. 1981).

In what amounts to a habeas petition, the defendant argues that the evidence presented against her is inadmissible because the evidence is composed of various witness statements which may be incomplete or contradictory. However the law is clear that depositions, warrants, and other papers or copies thereof shall be admitted into evidence if they are properly authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country. 18 U.S.C. § 3190. For that reason alone, the argument should fail. Nonetheless, the case at hand is analogous to an extradition case involving Sweden and the United States. In Zanazanian v. United States, 729 F.2d 624 (9th Cir. 1983), the court determined that multiple hearsay reporting

---

³ Uncorroborated statements of an accomplice, made against his own penal interest, are sufficient to establish probable cause in an extradition hearing. Ibid. See, also, Eain v. Wilkes, 641 F.2d 504, 510 (7th Cir.), cert. denied, 450 U.S. 894 (1981).

11

constituted admissible evidence despite Zanazanian's contention that the multiple hearsay evidence against him was too incomplete to be admissible. One factor the court looked to was the amount of specific detail in the reporting. Because the prosecutor's report in the present case also contains numerous specific details, the evidence must be admitted.

The defendant also argues that the government evidence fails to justify extradition. However considering the liberal rules governing extradition proceedings, the argument is unfounded. "The function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether evidence is sufficient to justify a conviction". 18 U.S.C. § 3184. With this standard in mind, it is clear that the evidence presented by Mexico establishes probable cause to believe that the defendant committed the offenses charged. Mexican authorities conducted an extensive investigation prior to charges being brought against the defendant. It is clear for purposes of this review that there was sufficient evidence presented by Sweden to meet the standard of whether there was <u>any evidence</u> warranting the finding of probable cause to believe the accused is guilty of the offenses.

E.  **Conclusion**

For the foregoing reasons, the United States, on behalf of the United States of Mexico, respectfully submits that the defendant's Notice of Appeal, Motion to Set Aside Magistrate's

Order of Extradition for Lack of Jurisdiction, and Motion for Reconsideration of Extradition Order in Light of Newly Discovered Evidence Negating Probable Cause should be denied. It is time that the defendant be extradited in accordance with the Court's prior order to face the serious charges pending in Mexico.

>Respectfully submitted,
>
>GAYNELLE GRIFFIN JONES
>UNITED STATES ATTORNEY
>
>By: *[signature]*
>John Grasty Crews II
>ASSISTANT U.S. ATTORNEY

Of Counsel:
Kevin R. Smith
Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of February, 1997, to: Felix Recio, Assistant Federal Public Defender at Post Office Box 2163, Brownsville, TX 78522-2163.

*[signature]*
John Grasty Crews II
ASSISTANT U.S. ATTORNEY